You may proceed whenever you're ready. Thank you. May it please the Court, I'm Norman Cole. I'm representing petitioner Eric Dupree. I'd like to reserve five minutes of the balance of unused time for rebuttal. Dupree and his staff devoted nearly 183 hours of their time from March 2011 to November 2013 in activities that supported and advanced Thompson's claims. He also paid more than $8,300 in costs on behalf of the claimant. We're here to ask the Court to order the AOJ and the District Director to order to consider Dupree's fee applications on the merits, determine the amount Dupree should be paid, and order the employers and carriers to pay the awarded fees and costs directly to Dupree. In October of 2013, Dupree filed a motion to withdraw as counsel and the Court approved that withdrawal in January of 2014. Sometime thereafter, the claimant retained Walsh as his attorney and Walsh negotiated a settlement of Thompson's claims. Neither the AOJ nor defense attorneys gave Dupree notice of the proposed settlement. The AOJ approved the settlement in 2015 and Dupree was not served with a copy. Mr. Cole, can you hear me? Yes, I can. Did Mr. Dupree appeal the approval order from the AOJ approving the settlement? He did not. He had no notice of the settlement. I thought you just said that the notice was provided about the settlement. No, no, it was not. He had no notice of the settlement. He had withdrawn as attorney. Walsh became the new attorney. Walsh negotiated a settlement. Hold on, but I thought, I guess I thought that he had received a copy of the director's statement of the position relating to the pending settlement in November of 2015. Is that not correct? No, so he received the director's statement two days after the judge approved the order, issued an order approving the settlement. So he did he did receive that? I can't say he didn't receive it, but he received it two days after the order was approved. But the director's statement was sent to two of the three defense attorneys and to Walsh, and all it did was say that if there is a Section 8i settlement agreement, then employer carriers cannot obtain second injury relief under Section 908F. It said nothing about the terms of the agreement. He was aware that there was in fact a settlement. I mean, the question that I'm trying to get at here is, if he's provided notice about, through the director's statement about the settlement, then his failure to appeal that makes this action a collateral attack of that settlement agreement. No, he wasn't a party to the agreement, and the court did not issue, did not serve him with any notice telling him that he should appear or file a fee application. This came directly from the solicitor's office to him and two of the three attorneys without anything going to the court and without the court sending anything to Dupree. Regardless of who sent it or how or what it said, it alerted him to a settlement, and he did nothing about it. He did not go and inquire what are the terms of the attorney's fees part of this settlement. He did not at that time, but that's irrelevant. Well, why? Why is that irrelevant? It's irrelevant for a number of reasons. First, he had not been given notice or opportunity to appear with respect to provisions of that agreement that would deprive him. What authority do you have to suggest that that was a requirement, that somehow receiving notice of the settlement is not sufficient to provide him the information that would require him to then either ask for more information or to challenge or object to the terms of the settlement? What is your authority for this action, which is essentially a collateral attack on a final settlement agreement? Well, the settlement agreement, if he didn't have notice or opportunity to appear because he had withdrawn with permission of the court, then he didn't have any obligation to do anything in response to the order that was issued without his, well, any notice on his behalf. You have to look... Counsel, with all due respect, you're not answering the question. The question is what authority? What authority? Well, we've cited a denial of due process under the Constitution in our brief at page 21, and if you'll permit me, I can tell you, I can provide additional information now as to the terms of the order itself, which was without basis of law and could not deprive him of an opportunity to appear. That settlement agreement that was approved was really had two parts, two subjects. One of them was under Section 8I, it dealt with the claimant's entitlement to compensation. The other provision in that had to do with attorney fees, and attorney fees are under Section 928, and under the rules and regulations, those attorney fees must be approved by the administrative law judge or the district director and paid directly to the attorney. The judge, in this case, Dupree did not send in an application because he didn't know he had been notified. Right, but Walsh negotiated an amount that would be paid to Dupree. That was part of the settlement where Attorney Walsh negotiated and agreed to some cut of the fees for Dupree's work and for his own work, correct? No, well Walsh never contacted Dupree and had or attained his consent, and even if he had, that provision would have been completely illegal because the statute says that attorney fees must be paid directly to the attorney after the order is entered. It can't outsource this to a third party like Walsh, and, well, of course, Dupree knew nothing, knew nothing about this. Could Dupree have filed a lien for attorney's fees before he withdrew? There is no statute, rule, or order that requires an attorney who withdraws to file a so-called lien. There's nothing in the statute that speaks to attorney fee liens in the way that respondents talk about it. In fact, the OALJ has said that, former District Judge Park has said that if there is no active case, the OALJ will not even receive for filing a so-called attorney fee lien. So there is no provision. Well, there was an active case when he withdrew. He withdrew as counsel. Before he did that, he may not have been required to file a lien, but could he have filed a lien? You know, he could have, he could have prepared a statement of his time. He could have sent it to the judge. Whether it had any legal effect or import is unknown because there is no statute, rule, or regulation that would have required him to do that. He can't be faulted for failing to do something that is not required for him to be done. There's, there's no history in, in a Longshore case law that says an attorney who doesn't file a so-called attorney fee lien somehow is never entitled to pay, payment of a fee. This, you know, Walsh, remember, never intended to pay Dupree. So, but, but under your analysis then, at any point when that, that case settles in the future, at any point, they would, he would be entitled to an amount, correct? Well, he would be entitled to have the administrative law judge or the district director, as the case may be, consider his application for fees and then issue an appropriate order. Right, at any, at any point, five years down the line. Is that right? Well, currently, that's correct. Now, nothing stops the administer, Office of Administrative Law Judges from issuing a rule that says that if you withdraw as attorney, you have 60 days to file your fee petition, or nothing would have stopped the administrative law judge when you approved withdrawal to say, well, then send in your fee petition within 60 days. Nothing would have stopped the administrative law judge from saying, hey, Dupree, we're, I'm considering this 8i agreement, I know you were the attorney previously, send me your fee petition. In fact, the administrative law judge is not, is required to consider fee applications, itemizing all of the, the work that was done, that it was reasonable, it was necessary, the time, justifying the hourly rate, he's required to do that, but he didn't because he didn't send anything to Dupree, Dupree didn't send anything to him. Mr. Cole, can I take you back to one of the statements you made a few moments ago in response to my question, where you are suggesting that the second part of the settlement agreement actually violates the express terms of the act because the language states that the payment must be made directly to the attorney. Did I hear you correctly? Yes. Okay, can you point me to the exact spot in the, in the regulation, the statute that you're referring to, that sets forth. Section 928A, I think everybody concedes that a fee was due under section 928A. In fact, the respondents certainly agreed that the... Right, okay, no, no, but what I'm getting at is, is, is the language I think that you're, it's the very last sentence I think you're relying on that says, the board or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final. Is that the language you're relying on? Yes, yes. Okay, and so that language is talking about payment directly by the employer or carrier to the attorney for the claimant, and that person was Mr. Walsh, correct? At the time, it was Mr. Walsh. Previously, it was Mr. Dupree, and prior to that, it was Mr. Klein. So Mr. Klein didn't appeal a prior order that said he didn't, he wasn't entitled to fees because he had, all of his services were done at the OWCP level, and the judge said, I don't have jurisdiction to, to award fees for OWCP level services. But when he got to Mr. Dupree, whose services were both at OWCP and OALJ level, he said, well, the order, prior order said, once payment to Walsh, no additional attorney fees are owed. That was the sole reason why the judge and then the board thought that Dupree was not entitled to a fee. But the underlying order itself was issued lawlessly. There was no authority to issue an award, awarding or denying fees to a, to an attorney who was not a party to the matter, who was not a representative of the party. Now, you can argue about, well, he could have maybe corrected this situation by filing something earlier. He didn't, but that can't be held against him because there was no statute, rule, or order that required him to do it. How can he be late if there is no deadline set? Four years? Okay, that's, that's just the way it is. Let the, let the administrative process, let the Office of Administrative Law judges issue a new rule that says, here's your deadline if you withdraw, right? Let the, the judge who approves withdrawal issue an order in, in the approval of the withdrawal saying, if you want a fee, give me your fee petition in 60 days. That didn't happen. If there, if he's not required to do something, he can't be faulted for not doing it. He obviously provided useful, probably the most important services on behalf of the claimant, considering how much Mr., Mr. Walsh ultimately agreed to receive. I paid Walsh $18,750 of the $25,000 he received, so clearly Dupree performed a valuable service and Walsh just tagged along, get a quick settlement, looked for $25,000 and hoped he'd escape with all of it and never have to pay Dupree. So we're looking for a little justice here, a little opportunity to have the district judge, excuse me, the district director and the administrative law judge just consider the application on the merits and decide what he should receive. Otherwise, I think you had wanted to save some time from, for a rebuttal and you only have two minutes left, so maybe I should pause you here. Thank you very much. Let's hear from the other side. Good morning, Your Honors. I'm Alan Brackett. I'm co-counsel for Resource and it's three different carriers involved in these three consolidated claims. I'm going to talk to you a little bit today about the due process issues and Mr. Poncello, my co-counsel, will talk about some of the additional issues remaining in this case. I think it is just disingenuous for Mr. Cole and Mr. Dupree to argue that there was no opportunity for Mr. Dupree to preserve his right to a fee if he thought he was entitled to one. Your comments are exactly correct. He voluntarily withdrew from his representation. The record doesn't contain anything to tell us why other than in the brief he suggests that the attorney-client relationship failed, but he voluntarily withdrew and even though the statute doesn't mandate a time, the regulations very clearly say that the only way you get a fee is if you apply for them and nothing prevented him when he withdrew. Do you think the settlement agreement fully complies with the Act? Absolutely it did. And that it shouldn't have included an itemization of the attorney's fees? It didn't necessarily need to. And there are two issues there. One claimant argues that it was unlawful, he said lawlessly, for the administrative law judge to make a ruling on fees for services performed before the Office of Worker's Compensation Programs. By consent of the parties, an administrative law judge can resolve all fees. Regardless of what level they occur at, he could on remand handle the fees from the BRB and the OALJ and the district director's office. That happens routinely. Nothing in the Act prevents him from doing that and that's what happened in this case. There was an allocation of fees, it was for the injured worker and his employer and its carriers. So it was absolutely lawful. Your argument earlier, as I understood it, is that there was nothing preventing him from submitting his fees. I hear Mr. Kola saying, well, he never got notice. We don't have, he never got notice, there's no way, how could he have done that? When he withdrew, he should have done that. Before he withdrew. Well, but his argument is there's no obligation for him to do that. There isn't, but if he wants to preserve his fee, he certainly can. But if there's no deadline for him to submit it at a later point, why, what's the problem? Well, the problem is he actually received notice of the settlement, as you pointed out. He received actual notice from the solicitor of labor acting on behalf of the director for OWCP. A settlement has been issued. That should give him notice that if he's going to seek a fee, he should have done something then, before that order became final on December 17th of 2015. And nothing stopped him from doing it then. Mr. Kola kind of brushes past that, but that's critically important in this case. He had actual notice from the Department of Labor that the case had been settled. The reason he wasn't served with the order is because he voluntarily withdrew his representation and, in addition, asked that he be removed from the service sheet, which he did in 2014. Had he not done that, he would have continued to be served with any notices from the Department of Labor. The other issues of due process. First, I contend that due process was not properly raised as an issue before the court. It wasn't mentioned in any of the petitions for review before the Benefits Review Board, but even if you come and consider that issue, it simply doesn't do anything based on the facts. He had actual notice. He had the opportunity to be heard, in addition to which, he had the opportunity for the administrative law judge to consider whether he was entitled to a fee. We don't know anything about the negotiations that happened between Mr. Walsh and Mr. Dupree. We don't know why they agreed to the allocation that they did, but they submitted that to the administrative law judge who handled the original settlement, who retained jurisdiction to consider the attorney fee issue, and he approved the allocation that they submitted to him. So it's also, in my mind, you don't even have to get to the issue. He's actually received a fee that an administrative law judge found was of value and included both the services before OWCP and OALJ. I just want to make sure on the due process issue that we pay attention to what was actually claimed by Mr. Dupree in his submissions below, because he suggested that the 8i order was, today he said, lawless, before the BRB, he said contrary to law, but there's nothing contrary to law. The Act provides in 8i that the parties, again, the parties were Mr. Thompson, the injured worker, the employer, Resource, and now Serco, and its three carriers. They were the parties. With the representation of counsel, he negotiated on the merits what his claim was worth. The parties, the employers, and carriers agreed to pay compensation to Mr. Thompson, and at the same time negotiated an agreed fee, which was approved pursuant to the regs, became final, and there is nothing in the Act that allows this court to vacate an already final compensation order years later. It's suggested by the claimant that you can leave intact the award of compensation to Mr. Thompson, but somehow void the order with respect to fees. The Act doesn't allow that anywhere. There's no basis in the law. I can find no case in the hundred-year history, almost, of the Longshore Act where that's ever been allowed. Once a compensation order is final, it's final. I think the court's exactly correct that it's a collateral attack. There's no basis in law for it. There's no basis for any of the due process arguments because there was actual notice to Mr. Dupree, and he failed to exercise his rights timely. It's plain and simple. That's all I have. Thank you, Your Honor. Thank you. Morning. May it please the Court. Barry Ponsicello, also on behalf of the respondents. I echo what Mr. Brackett indicated here today, and I'm going to address a few discreet issues, I think, maybe of assistance. We need to look at how we got here today. We have two denied cases and one case in which a limited amount of medical was provided, and then the remainder was disputed. Under 928A, a claim for fees would arise if a claim was denied and then a successful prosecution took place that rendered benefits. That did not occur. Under Section 28B, if it was an admitted injury and additional compensation was gained by successful prosecution, there would be an ability to have fees. None of that happened here, and it's important to note that. Even if we look at page 15 to 17 of Clayman's own brief about what they claim to be the benefit that was rendered by Dupree, it ranged from setting medical exams, discovery disputes, objecting to the timing of various appointments, and preparing for depositions. None of those qualify as successful prosecution under 928A or B. That then leads us to 928C, which is the lien. And the Court has correctly pointed out there was nothing prohibiting Dupree from filing a lien at any time. And 928C, it's important to note, talks about a lien that the court, the judge, needs to consider about any lien on compensation or a pool of benefits. It's exactly what we had here. In the settlement agreement, it was allowed, and Walsh actually preserved the untimely rights of Dupree. And I would assert to the court that under 928C, if an attorney wants to file a request for fees, either a petition under A or B or a lien under C, it needs to be done before the compensation order issues. That was not done here. And so, what we're looking at is basically the issue the court raised about finality and the collateral attack. And what we have here is the BRB correctly determined that there was a final compensation order and no appeal on it. That order is final, and the BRB said they had no jurisdiction to address any attack on that order. I believe that's correct, and the court should also find that any such request should be dismissed. The 8I order was within the authority of the ALJ to address and to address both the I would assert to the court that the BRB was correct and that the jurisdiction did not lie to attack it. It was untimely. If the court, however, is inclined to set a standard here, I think it needs to look at what the effect and what the court raised. Could it be done at any time? Could it be done at five years? Could it be done at 20 years? That's impracticable. Finality is one of the things the parties seek in a settlement. In a negotiated settlement is the finality that this settlement ends all of the disputes. If there is an attorney who withdrew But if he's done, if the settlement agreement was unlawful, if it was void as a matter of law? But it was not unlawful. I'm just asking you. You would agree that it that there is no real timeline that would need to be set in place by this court if there was a general rule, as I think it is, which is that a settlement agreement, if not appealed in a timely way, can be undone later if it's void as a matter of law, right? I would say anything that's void as a matter of law can be considered by the court. But we don't. I think it's important to know we don't have that. Right. So isn't it enough to just stop there that, you know, the fact that this was not appealed in a timely way, there doesn't need to be some additional test. I think the test can be that if it's not timely appealed, anything thereafter is a collateral attack unless you're arguing that it is void as a matter of law. I would not bicker with that at all. I think that's correct. I was just trying to point the court to the impractical assertion of Dupree in this case, that even though they withdrew, they didn't seek a fee, they didn't file a lien, all of which was in their control, even though they had noticed that they have forever to do that, which would fly in the face of finality. And this case has three attorneys. Many of these long, short cases have multiple attorneys. The process that they're indicating here is that we would need to chase down all these old attorneys who have not filed a lien, who have not pursued their rights, who have waived their rights. And so I agree that once a compensation order is final, that is where it should end. But the practical realities of it also speak to it, uh, in the absurdity of the proposition that's being made. So that any other questions? Thank you, Your Honor. Thank you. I think we have two minutes for rebuttal. Thank you, Your Honor. We're not seeking to set aside the, uh, the original, uh, order approving the settlement as to the claimant. That was under Section 8I. No problem. You can keep his money. We're not, uh, contending that Walsh shouldn't be paid at all. He filed it. He apparently filed a fee application of some sort. He could be paid. What we are here to do is to is to ask the court to allow Dupree to have his fees determined by the District Director or the Administrative Law Judge, and arguing that that agreement cannot and did not prohibit Dupree from receiving any fees. Now, I heard, uh, it was said about the, uh, the Director's statement. Let's look at that for a moment. That statement, um, was, uh, issued on November 17, 2015. The ALJ issued an order approving settlements, and on November 20, the Associate Solicitor of Labor sent Dupree and the two other defense attorneys a statement of position about proposed settlements. I guess he didn't even know that it had been approved. Uh, the statement of position that he offered said, if you, if you have an 8I agreement, you don't get Section 8F relief. That's a correct statement of law. It says nothing whatsoever, uh, about the, uh, the details of the agreement, uh, or any provisions regarding attorney fees. It doesn't give any notice to, to Dupree that he should do something, and it didn't come from the court. So the court still had no, uh, jurisdiction, uh, over him. Could Dupree just separately sue Walsh? Uh, no. Why not? Um, because the fee he wants to get is from the, uh, the employers and the statute. Um, and that, that's the remedy that he chose, uh, which we hope this court will agree with that. It's, um, uh, let's see here. So the judge could award fees to Walsh but not to Dupree because the court had no jurisdiction over the person of Dupree, and he was not required by any statute, rule, or order to file any sort of a fee petition before the time he actually filed it. When would it have been time? Uh, counsel, you're, you're over your time now, so I think I have to cut you off. Thank you very much, both sides, for the helpful arguments. This case is submitted.
judges: FRIEDLAND, MENDOZA, DESAI